**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Randy NESBITT, Defendant-Appellant.**

**No. 17-6523**

United States Court of Appeals,
Fourth Circuit.

Submitted: August 24, 2017

Decided: August 29, 2017

Randy Nesbitt, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Nesbitt seeks to appeal the district court's order dismissing as second or successive his 28 U.S.C. § 2255 (2012) motion and construing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 motion, and dismissing it on that basis. The order denying Nesbitt's successive § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies

---

relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Nesbitt has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Insofar as the district court construed Nesbitt's Rule 60(b) motion as a successive § 2255 motion and dismissed it on that basis, we grant leave to proceed in forma pauperis and affirm in part. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding that a certificate of appealability is not required in order to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition").

Additionally, we construe Nesbitt's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Nesbitt's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*